Billy Chicago Ltd. v Chicago China Tour, LLC (2019 NY Slip Op 07550)





Billy Chicago Ltd. v Chicago China Tour, LLC


2019 NY Slip Op 07550


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Gesmer, Moulton, JJ.


10169 650234/14 595171/16

[*1]Billy Chicago Limited, Plaintiff-Respondent,
v
Chicago China Tour, LLC, et al., Defendants-Appellants.
Chicago China Tour, LLC, Third-Party Plaintiff-Appellant,
v
National Artists Management Company, Inc., et al., Third-Party Defendants-Respondents.
Zhang Liang professionally known as Jurek Zhang, et al., Third-Party Plaintiffs-Appellants,
v
National Artists Management Company, Inc., Third-Party Defendants-Respondents.


Dunnington Bartholow & Miller LLP, New York (Raymond J. Dowd of counsel), for appellants.
Judd Burstein, P.C., New York (Judd Burstein of counsel), for respondents.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered June 29, 2018, dismissing, with prejudice, the second amended counterclaims and third-party complaint of defendant/third-party plaintiff Chicago China Tour, LLC (CCT), and bringing up for review an order, same court and Justice, entered June 8, 2018, which denied the motion of defendants/third-party plaintiffs Jurek Zhang, Beijing Bec Performing Arts Co., Ltd., Beijing Joyway Culture & Media Co., Ltd. and Across-China Productions (the Zhang defendants) to compel acceptance of their answer and third-party complaint, and granted the motion of plaintiff and third-party defendants for partial summary judgment with respect to liability on plaintiff's first cause of action for breach of contract against CCT and for summary judgment dismissing all of CCT's counterclaims against plaintiff and its third-party complaint, unanimously affirmed, with costs.
The court providently exercised its discretion in denying the Zhang defendants' motion to compel acceptance of their pleadings (see CPLR 3012[d]). They failed to offer a reasonable excuse for answering over two years after the time they were served and four years after the action was commenced, especially since their attorneys also represented CCT, which had timely answered. In any event, they failed to demonstrate the potential merits of their claims, most of which were barred by the applicable statutes of limitations.
The court properly granted plaintiff partial summary judgment on its breach of contract cause of action against CCT and dismissing CCT's breach of contract counterclaim. Plaintiff established that it performed its obligations under the operable agreement to provide a cast and [*2]crew for a tour of plaintiff's musical in China and that CCT breached the agreement by failing to perform its obligations to provide for the technical aspects for the tour, entitling plaintiff to retain the money paid to it under the agreement (see e.g. Morris v 702 E. Fifth St. HDFC, 46 AD3d 478 [1st Dept 2007]). CCT failed to raise any issues of fact. CCT's remaining counterclaims and third-party claims also failed as a matter of law. Contrary to CCT's argument, the court did not improperly assess the credibility of the claims asserted by the parties rather than limiting itself to determining whether material issues of fact existed.
We have considered the remaining arguments of CCT and the Zhang defendants and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK